## SUPREME COURT.

### JACOB R. HALLENBECK vs. PHILIP B. MILLER.

Where, under the code, a sheriff is sued for an official act done by him and recovers judgment against the plaintiff, he is not entitled to recover double costs.

*It seems*, that the whole title of the Revised Statutes, establishing and regulating costs, of which the section allowing double costs is a part, is repealed by the code. (§ 303.)

*Albany Special Term, Feb.* 26, 1850.—In this case the defendant was sued for an act done as sheriff of Columbia county, and recovered judgment against the plaintiff. The defendant's counsel now moved for double costs, under the provision of the Revised Statutes.

C. L. MONELL, *for defendant.*

N. HILL, Jr., *for plaintiff.*

PARKER, Justice.—It was provided by the Revised Statutes, (2 Rev. Stat. 617, § 24,) that, in cases like this, the defendant should recover " his taxed costs and one-half thereof in addition :" and the next section declared that such additional costs belonged to the defendant and that the counsellors, attorneys and other officers, and the witness and jurors should be entitled to receive only single costs. The question here presented, is, whether this provision allowing double costs was repealed by the code. Section 303 of the code repeals " all statutes establishing or regulating costs, or fees of attorneys, solicitors and counsel in civil actions," and declares that " there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action," which allowances are to be termed costs.

All costs are now made what the extra allowance to a sheriff was formerly declared to be, indemnity to the party, and not the measure of compensation for the attorney and counsel.

The section of the Revised Statutes allowing double costs, was a part of the title establishing and regulating costs, and I think it was the intention of the Legislature to repeal the whole of it, and to provide an entirely new measure of indemnity. The repealing language of the code is very broad and comprehensive, and other provisions of the code are, I think, inconsistent with the idea that double costs were to be recovered under it. Extra allowances are no longer fixed by law, either as to the amount or the cases in which they are to be allowed : but the courts are authorized to make such allowances, by a per centage on the amount recovered, or the value of the property in controversy, in difficult or ex-

traordinary cases and in certain other proceedings. I cannot think the Legislature intended that in such cases the costs were to be doubled.

The Revised Statutes allowed "the *taxed costs* and one-half thereon in addition." Under the code there is no taxation, except the final entry by the clerk, in the judgment, of the charges for costs and disbursements. The language is inapplicable to the present mode of proceeding; and the clerk is not authorized to enter in the judgment any more than is mentioned in sections 310 and 311 ; and after making the entry, which takes the place of taxation, the clerk certainly has no power to alter the judgment by adding to it one-half the amount.

. I think the motion should be denied, but the question being a new one, without costs.